**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deyoe R Harris,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br>　　　　　Defendant. | No. CV-20-00337-TUC-JGZ<br><br>**ORDER** |

　　　　Plaintiff has filed a Complaint (Doc. 1) against the United States of America and an Application for Leave to Proceed *In Forma Pauperis*. (Doc. 2.) Plaintiff asks the Court to "compel Congress" to make rape and child molestation mandatory capital crimes. Plaintiff hopes that capital punishment will "stop and deter" these crimes. The Court will dismiss Plaintiff's Complaint for lack of jurisdiction.

**I.　　Standing**

　　　　"Article III of the U.S. Constitution authorizes the judiciary to adjudicate only 'cases' or 'controversies.' The doctrine of standing is 'an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). To establish standing, Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

Plaintiff's injury must be personal and individualized, such that the Plaintiff has a "direct stake in the outcome" of the case. *Hollingsworth v. Perry*, 570 U.S. 693, 705-06 (2013) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997)). "[A] 'generalized grievance,' no matter how sincere, is insufficient to confer standing." *Id.* at 706. Generalized grievances that raise "abstract questions of wide public significance" are "most appropriately addressed in the representative branches." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1131 (9th Cir. 1996) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474-75 (1982)). Plaintiff's generalized interest in stopping and deterring rape and child molestation does not constitute an injury. Therefore, Plaintiff lacks standing to bring this action.

## II.    Sovereign Immunity

The United States may not be sued without its consent. *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003). "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (internal citations omitted). A person who wishes to sue the United States has the burden of demonstrating that a claim "is covered by a specific statutory authorization to sue the United States." *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (citation omitted).

Plaintiff has not pointed to a specific waiver of sovereign immunity that authorizes this action. Because waiver of sovereign immunity is a prerequisite for jurisdiction, *Navajo Nation*, 537 U.S. at 502, Plaintiff has failed to establish that the Court has jurisdiction over this claim.

/
/
/
/
/

1  Accordingly,

2  **IT IS ORDERED** that the Application for Leave to Proceed *In Forma Pauperis*
3  (Doc. 2) is **GRANTED**.

4  **IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **DISMISSED WITH**
5  **PREJUDICE**.

6  Dated this 19th day of August, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge