**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Deyoe R Harris, | No. CV-20-00337-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

On August 19, 2020, the Court entered an Order dismissing Plaintiff's Complaint with prejudice. (Doc. 6.) In that Order, the Court found that it lacked jurisdiction because Plaintiff failed to show that the United States waived its sovereign immunity and because Plaintiff lacked standing to bring a generalized grievance. Now pending before the Court, is Plaintiff's Motion for Reconsideration of that Order. (Doc. 7.) The Court will deny the motion.

Reconsideration is proper upon a "showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g)(1). "Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's order." *Id.* "A motion for reconsideration should not be used to ask a court 'to rethink what the court had already thought through—rightly or wrongly.'" *Defs. of Wildlife v. Browner*,

909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Plaintiff asserts that he is "adversely affected, like all Americans" because the punishment for rape and child molestation do not match the crime, and therefore he has standing to sue under the Tenth Amendment. Plaintiff hopes that this "will lead [the Court] to change the law for all in our society."

Plaintiff has not met any threshold requirement for reconsideration. Moreover, Plaintiff fails to address the United States' sovereign immunity and fails to establish that he has a personal and individualized injury, both of which are independently sufficient to uphold dismissal. Generalized grievances that "raise abstract questions of wide public significance" are "most appropriately addressed in the representative branches." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1131 (9th Cir. 1996) (quoting V*alley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474-75 (1982)).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 7) is **DENIED**. Dated this 25th day of August, 2020.

Honorable Jennifer G. Zipps
United States District Judge